Case 6:23-cv-01463-WWB-LHP    Document 1-1    Filed 07/31/23    Page 1 of 11 PageID 5

IN THE CIRCUIT COURT OF THE 9TH  JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

**LORI BARNETTE,**                                                                      **CASE NO.:**
      Plaintiff,

v.

**KENESHA LEWIS; LIMITLESS**
**CAPITAL, LLC; OSCEOLA COUNTY**
**SHERIFF'S OFFICE,**
      Defendant.

_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, **LORI BARNETTE**, by and through the undersigned attorney and sues the Defendants, **KENESHA LEWIS, Limitless Capital, LLC, and OSCEOLA COUNTY SHERIFF'S OFFICE** , and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages which exceed $50,000.00, exclusive of costs, interest and attorney's fees.

2. This Complaint seeks declaratory and supplemental relief pursuant to Chapter 86 of the Florida Statutes to prevent violations of the Plaintiffs' rights, privileges and immunities under the Florida Constitution and under the laws and statutes of the State of Florida.

3. This suit is also brought pursuant to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

4.  This Complaint seeks declaratory relief to prevent violations of the Plaintiffs' rights, privileges and immunities under the Constitution of the United States and 42 U.S.C. §§1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

5.  Venue is Proper in this County because the Property that is the subject of this action is located at 961 Savanna Dr Kissimmee, FL 34744  (Subject Property), in Osceola County.

6.  Venue is further proper because the actions alleged all occurred in Osceola County, Florida.

**BACKGROUND FACTS**

7.  At all times material to, Plaintiff, Lori Barnette was and is the record owner, and sole registered owner of the mobile home which is the subject of this Complaint, pursuant to the Certificate of Title issued on November 19, 2021. A true and correct copy of the Certificate of Title is attached to this Complaint as Exhibit "A". The Property is legally described as:

> **IDENTIFICATION NUMBER: 1A9BE47486AAPH504**
> **TITLE NUMBER: 101794535**
> **PHYSICAL ADDRESS: 961 Savanna Dr Kissimmee, FL 34744**

8.  Plaintiff, and Defendant, Kenesha Lewis negotiated a proposed  "Joint Venture" contract in which they planned to purchase the Subject Property to use as a Short Term Rental Property.

9.  Defendant, Kenesha Lewis, failed to execute and deliver the proposed agreement and instead Ms. Barnette acquired Title in her name alone.

10. Defendant Kenesha Lewis and Plaintiff, both managed the property and split the proceeds equally until June of 2022, when Ms. Lewis began collecting and keeping 100% of the rental proceeds from the unit.

11. At some point in time between November 2021 and June 2023, Defendant Lewis began keeping funds from the rental proceeds in a business account belonging to Limitless Capital, LLC, which Defendant Kenesha Lewis is an Owner and/or Member.

12. Defendant Lewis also began attempts at ousting the Plaintiff from the property by removing Plaintiff's access to the online Platforms used to rent the property.

13. After months of attempts at a resolution, the Plaintiff took back complete possession of the property on February 12, 2023, by changing the locks and installing cameras on the property.

14. On the same day, February 12, 2023, the Plaintiff forwarded trespass notices to Ms. Lewis and posted both the Certificate of Title and a trespass notice in clear view of the window of the property.

15. On or around February 12, 2023, after Defendant Lewis discovered that she no longer had unfettered access to the property, she hired an unknown locksmith and forcefully entered the home, with the full support and instruction of the Osceola Sheriff's department.

16. After a call to the Sheriff's office was made, a Deputy Jason Roberts responded in full uniform and a marked police vehicle.

17. The Plaintiff spoke directly with the officer who responded to the property, and advised that she was the sole owner of the property and that Defendant Lewis was not allowed on the property.

18. Deputy Jason Roberts, advised that Defendant Lewis could enter the property and Plaintiff would have to file suit to get access to the property.

19. Defendant Lewis then entered the property by destroying the locks, removing the cameras.

20. Defendant Lewis has continued to rent the property, convert 100% of the proceeds, and prevent access by the Plaintiff.

21. In the weeks following the trespass warning, Defendant Lewis has also attempted to hire contractors to do work inside the property to alter it without the consent or agreement of Ms. Barnette.

## COUNT I - BREACH OF IMPLIED IN FACT CONTRACT

22. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

23. Throughout Plaintiff Barnette's ownership of the property, Defendant Lewis has had unfettered access to the property in connection with its short term rental relationship with AIRBNB.

24. Defendant Lewis collected 50% of the profit from all short term rentals in exchange for her role in maintaining the property.

25. In June of 2022, Defendant Lewis became unsatisfied with 50% of the short term rental income, and unilaterally began keeping 100% of the rental income.

26. Defendant Lewis also began renting the property through other short term rental companies, like VRBO, without the permission or consent of Ms. Barnette.

27. Defendant Lewis changed the passwords to all accounts related to the property, preventing Ms. Barnette from making any changes.

28. All requests by the Plaintiff for the earned income were ignored by Defendant Lewis.

29. Defendant Lewis's actions are a breach of the implied contract between the Plaintiff and Defendant Lewis.

30. Allowing Defendant Lewis to retain 100% of rental income from a property that she has no legal ownership to would be inequitable and unconscionable in these circumstances.

## COUNT II - CONVERSION

31. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

32. Defendants Lewis and Limitless Capital, LLC, unilaterally, without consent, approval or collaboration with Plaintiff, took multiple actions in opposition to Plaintiff's ownership interest in the property. These actions include but are not limited to:

a. Keeping 100% of the rental proceeds made on AIRBNB from the Subject property from June 2022, through the filing date of this complaint;

b. Engaging with contractors to alter the property without the consent of the Plaintiff;

c. Listing the property for rent on short term rental platforms other than AIRBNB and keeping 100% of the proceeds without the consent or permission of the Plaintiff;

d. And removing the cameras and locks installed on the property for protection against the wishes of the Plaintiff.

## COUNT III - TRESPASS

33. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

34. Defendant Lewis has no ownership interest in the property and was given written notice to stay away from the property via text, email, and posted notice on the property.

35. Defendant Lewis entered onto the premises and hired John Doe Locksmith to forcibly remove the lock.

36. Defendant Lewis entered the property and changed the locks, preventing access by the Plaintiff.

37. Defendant Lewis damaged the locks, cameras and other unknown items on the property.

38. Defendant Lewis has continued to use the property for Short Term Rentals and prevented Plaintiff from accessing the property of profiting from the property.

## COUNT IV - FOURTH AMENDMENT VIOLATIONS

39. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

40. Deputy Jason Roberts is employed as a Deputy for the Osceola County Sheriff's Office.

41. While Deputy Jason Roberts was acting under color of law as a police officer for Osceola County, he subjected Plaintiff Barnette to the deprivation of rights secured to her under the Fourth Amendment to the United States Constitution.

42. Defendant Deputy Jason Roberts unlawfully and without due process seized Plaintiff's property by preventing her from accessing her property and allowing Defendant Lewis to forcefully enter the property.

43. The conduct of Defendant Osceola County Sheriff's Office violated Plaintiff's clearly established right to be free from an unreasonable seizure as guaranteed by the Fourth Amendment to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

## COUNT V - PROCEDURAL DUE PROCESS VIOLATIONS

44. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

45. The Fourteenth Amendment states "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § I.

46. Florida State Constitution Article I, § 9 and Amendment 5 to the United States Constitution, provide that "no person shall be deprived of life, liberty, or property, without due process of law".

47. The Fifth and Fourteenth Amendments of the United States Constitution, and Article I, § 9 of the Florida State Constitution prevent an unjust taking and demand due process.

48. Plaintiff's due process rights were violated when she was summarily excluded from access to and possession of her property by the Osceola County Sheriff's Office and precluded from receiving financial benefits from the Subject Property without meaningful opportunity to be heard on the matter.

## COUNT VI - VIOLATION OF FLORIDA CONSTITUTION § 10, Art. VII, State Const.

49. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

50. "§ 10, Art. VII, State Const. prohibits the use of public funds for a private purpose. This constitutional provision prohibits the state or any county or municipality or agency thereof from using its taxing power or credit to aid any private interest or individual. The purpose of this constitutional provision is to 'protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited.'"[1]

51. Police officers are not pre-authorized to act as agents of landowners or to make decisions regarding access to private property. Thus, Defendant Osceola County Sheriff's office lacks the authority to make binding decisions regarding access to Plaintiff's private property.

52. Furthermore, Plaintiff Barnette explicitly advised both defendants of her ownership and wishes to prevent Defendant Lewis from accessing the properties and minimize the continued damages she faces in the current case.

53. Defendant Osceola Sheriff's Office, through its agent, acting under color of law, disregarded Plaintiff's clear decision to trespass Defendant Lewis and improperly advised Plaintiff that she would need to file a lawsuit to gain access to the property.

## ALLEGATIONS IN SUPPORT OF INJUNCTIVE RELIEF

54. Plaintiff re-alleges the allegations set forth in paragraphs one (1) through twenty-one (21) as if set forth herein in full.

---

[1] Trespass, Police's Authority To Act As Landowner's Agent, Advisory Opinion, 1990 AGO 90-08 (June 29) *See Also* Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971). *And see* State v. Town of North Miami, 59 So.2d 779 (Fla. 1952), and Bailey v. City of Tampa, 111 So. 119 (Fla. 1926)

55. Plaintiff is suffering irreparable injury and is threatened with irreparable injury in the future because she presently has no access to the subject property after the Osceola Sheriff's Office sanctioned Defendant Lewis's trespassing, destruction of property, and conversion.

56. Plaintiffs' ability to possess, sell, or profit from the subject property is being curtailed by Osceola County Sheriff's Office interference with the Plaintiff's access to the subject property.

57. Plaintiffs will suffer a continuing violation of its civil rights and liberties as a result of the Osceola County Sheriff;s Office illegal intervention in Plaintiff's access to the Property and Defendant Kenesha Lewis's unfettered conversion of the rental proceeds and possession of the property.

58. Additionally, the Plaintiff is at risk of significant damage to the property as Defendant Lewis has made attempts to hire contractors to alter the property.

59. A permanent injunction will preserve Plaintiffs' civil rights and reduce the need to compensate Plaintiffs with additional money damages for further violations of their rights. Plaintiff has no adequate remedy at law.

60. The harm that would be suffered by the Plaintiff without an injunction - the loss of her constitutional and statutory rights - exceeds any conceivable harm the Defendant would suffer if it is prohibited from continuing to collect rents and alter the property.

61. A permanent injunction prohibiting Defendants from interfering with Plaintiff's constitutional rights to the property would not be contrary to the public interest.

## RELIEF FOR ALL COUNTS

WHEREFORE, Plaintiff, Lori Barnette, hereby requests this Court to:

62. Grant a temporary and permanent injunction against Defendants Kenesha Lewis, Limitless Capital, LLC, and Osceola County Sheriff's Office and their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice

8 of 9

of the injunction, prohibiting such persons from engaging in the acts and practices in violation of Plaintiff's constitutional rights, as as more specifically alleged above.

63. Assess against Defendants, jointly and severally, for all damages occurring after February 12, 2023.

64. Enter a money judgment against Defendant Lewis in an amount equal to the actual damages incurred by Plaintiff from June 2022 or any other such times Defendant caused.

65. Award Plaintiff reasonable attorney's fees and costs.

66. Award such other and further relief as the Court deems appropriate.

67. And demands trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was filed via E-Portal and will be served on the Defendants together with the Summons.

WHITEHOUSE LAW GROUP, PLLC

*Erian Stirrup White, Esq.*

Erian S. White, Esquire
Florida Bar No. 1002847
5126 NW 7th Ave
Miami, FL 33127
Telephone:  (305) 697-2353
Facsimile:  (786) 592-7798
Primary Email:  eswhite@whitehouselawgroup.com
Secondary Email:  service@whitehouselawgroup.com
Attorney for Plaintiff

# EXHIBIT "A"

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

T# 1558788463
B# 997471

**STATE OF FLORIDA**

**LIEN SATISFACTION**

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 1A9BE47486AAPH504 | 2006 | ATHN | PT | 36' | | 101794535 |

Date of Issue    11/19/2021

Lien Release
Interest in the described vehicle is hereby released
By_____
Title_____
Date_____

Registered Owner:

LORI NICOLE BARNETTE
961 SAVANNA DR
KISSIMMEE, FL  34746-4976

Mail To:
LORI NICOLE BARNETTE
961 SAVANNA DR
KISSIMMEE, FL  34746-4976

**IMPORTANT INFORMATION**

1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.hsmv.state.fl.us/html/titlinf.html

## CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 1A9BE47486AAPH504 | 2006 | ATHN | PT | 36' | | 101794535 |

Lien Release
Interest in the described vehicle is hereby released
By_____

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | | | | | PRIVATE | 03/11/2015 |

Title_____

| Odometer Status or Vessel Manufacturer or OH use | | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|---|
| | | | | | 11/19/2021 |

Date_____

Registered Owner
LORI NICOLE BARNETTE
961 SAVANNA DR
KISSIMMEE, FL  34746-4976

1st Lienholder
NONE

DIVISION OF MOTORIST SERVICES          TALLAHASSEE          FLORIDA          DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

*Robert R. Kynoch*

Robert R. Kynoch
Director

Control Number    **154111089**

15 /10    154111089

*Terry L. Rhodes*

Terry L. Rhodes
Executive Director

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership.
Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name:_____                    Address:_____

Seller Must Enter Selling Price:_____                    Seller Must Enter Date Sold:_____
I/We state that this ☐ 5 or ☐ 6 digit odometer now reads |_|_|_|_|_|_| |X | (no tenths) miles, date read_____ and I hereby certify that to the best of my knowledge the odometer reading:
☐ 1. reflects ACTUAL MILEAGE.    ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    ☐ 3. is NOT THE ACTUAL MILEAGE.
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here:_____                    CO-SELLER Must Sign Here:_____

Print Here:_____                    Print Here:_____

Selling Dealer's License Number:_____    Tax No._____    Tax Collected:_____

Auction Name:_____    License Number:_____

PURCHASER Must Sign Here:_____                    CO-PURCHASER Must Sign Here:_____

Print Here:_____                    Print Here:_____
NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE.

HSMV 82250 (REV. 3/15)    **STATE OF FLORIDA**